UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHELBY LAUDERDALE, ET AL.                CIVIL ACTION

v.                                       NO. 17-4152

JOE CABELLERO, ET AL.                    SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand. For the reasons that follow, the motion is DENIED.

Background

This litigation arises out of an accident in which a Volvo sleeper box truck allegedly struck a Hyundai Sonata, injuring the Sonata's driver and three passengers.

On May 2, 2016, Shelby Lauderdale was driving his 2005 Hyundai Sonata westbound on Highway 90 in the center lane with Madonna Rogers, Katrice Drawsand, and Derrick Drawsand riding as passengers. Jose Caballero was driving a 2016 Volvo sleeper box truck westbound on I-10 in the lane adjacent to Lauderdale's Sonata. When Mr. Caballero tried to switch lanes, the truck he was driving struck Lauderdale's car. As a result of the collision,

1

Lauderdale and each of his passengers alleges that they suffered injuries: Lauderdale alleges that he suffered cervical strains and aggravation of pre-existing herniated lumbar discs; Rogers alleges that she suffered cervical strains and a herniated lumbar disc; Katrice Drawsand alleges that she sustained a lumber strain and a cervical strain; and Derrick Drawsand alleges that he suffered cervical strains, lumbar strains, and shoulder strain.

Alleging that Mr. Caballero's negligence in operating the truck caused these injuries to Lauderdale and his passengers, Lauderdale, Rogers, and the Drawsands sued Caballero, along with his employer, Atlanta Meat Company, and Westfield Insurance Company in state court.[1] The plaintiffs allege in the state court petition that they are entitled to recover past, present, and future medicine, drugs, hospitalization, medical care, support care, lost wages, loss of wage earning capacity, pain and suffering, residual disabilities, mental anguish, emotional upset, and distress, and other psychological sequelae.[2] On April 28, 2017, Westfield Insurance Company removed the lawsuit to this

---

[1] The plaintiffs' claims against Caballero and Atlanta Meat Company were dismissed without prejudice.
[2] The plaintiffs specifically alleged in their petition that "[p]etitioners contend that their damages do not exceed $50,000."

Court, invoking the Court's diversity jurisdiction. The plaintiffs now move to remand.

I.

*A.*

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "Because removal raises significant federalism concerns, the removal statute is strictly construed." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Id.

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants,

and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1). The only dispute here is whether the amount-in-controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)(citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Louisiana law requires that a plaintiff include "no specific amount of damages" in her prayer for relief. La. Code Civ. Proc. art. 893.[3]

When the plaintiffs have alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth "summary judgment type evidence" of facts in

---

[3] But, "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages[,]" then "a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. Proc. art. 893.

4

controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to "set[] forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." Luckett, 171 F.3d at 298. If the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds,* 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state

complaint." De Aguilar, 47 F.3d at 1412; see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992)(per curiam)).

## II.
### *A.*

Without more, the plaintiffs seek to remand this case to state court on the ground that the plaintiffs "admit" that this Court lacks subject matter jurisdiction because the plaintiffs "stipulate" that none of their claims exceed $75,000. Westfield averred in its notice of removal that plaintiff Madonna Rogers specifically alleges that she suffered a herniated lumbar disc and Shelby Lauderdale alleges aggravation of pre-existing herniated discs; Westfield also cited a litany of cases in which damage awards for herniated lumbar discs and aggravation of prior herniated discs exceed $75,000. Westfield contends that the plaintiffs' allegations of these particular injuries, coupled with

the case law showing the amount such injuries are worth, made it facially apparent at the time of removal that Rogers' and Lauderdale's injuries exceeded the jurisdictional amount in controversy requirement, and that the Court may exercise supplemental jurisdiction over the other plaintiffs' claims. Westfield further contends that the Court is not deprived of subject matter jurisdiction based solely on plaintiffs' counsel's representation in the motion to remand that the jurisdictional amount in controversy requirement is not met. The Court agrees.

*B.*

Westfield contends that it is facially apparent from the plaintiffs' state court petition that at least two of the plaintiffs were seeking monetary damages in excess of $75,000 at the time the case was removed. Lauderdale alleges that he suffered cervical strains and aggravation of pre-existing herniated lumbar discs, and Rogers alleges that she suffered cervical strains and a herniated lumbar disc. And all plaintiffs seek to recover past, present, and future medicine, drugs, hospitalization, medical care, support care, lost wages, loss of wage earning capacity, pain and suffering, residual disabilities, mental anguish, emotional upset, and distress, and other psychological sequelae. Although somewhat generic, these are serious damage allegations

7

that make it facially apparent that Rogers' and Lauderdale's claims exceed $75,000.[4]

Given that Westfield has satisfied its burden on removal, the plaintiffs may defeat removal only if they prove to a legal certainty that, as of the time of removal, the plaintiffs could not be awarded more than $75,000. The plaintiffs could meet this burden by demonstrating that state law prevents recovery in excess of $75,000, or that the plaintiffs are somehow "bound irrevocably" to an amount under the jurisdictional amount in controversy requirement. De Aguilar, 47 F.3d at 1412. The plaintiffs make no such showing here.

In support of their contention that the amount-in-controversy requirement is not met, the plaintiffs state in their motion to remand that:

> Plaintiffs formally stipulate and declare that none of their claims exceed $75,000.00. Therefore, Plaintiffs respectfully admits (sic) that this court does not have the subject matter jurisdiction to hear the suit. Since the Court thus lacks any jurisdiction in this matter, this case must therefore be remanded to state court as a matter of law.

---

[4] Westfield also offers case law quantifying herniated disc injuries and correspondence with counsel for plaintiff in which Westfield confirms that plaintiffs' counsel will not agree to stipulate that Madonna Rogers' claim does not exceed $75,000.

8

That plaintiffs' counsel suggests in the motion to remand that the plaintiffs stipulate that "none of their claims exceed" the jurisdictional amount in controversy does not change the outcome of the motion to remand. Notably, this "stipulation" is not contained in a sworn affidavit, but, rather, in the memorandum in support of the motion to remand. It therefore fails to demonstrate that the plaintiffs are bound irrevocably to an amount less than the federal amount in controversy requirement.[5] In fact, the plaintiffs' submission, through their attorney's representation, contains none of the features of an acceptable sworn and binding stipulation: plaintiffs have failed to expressly stipulate, by way of binding affidavit, that the amount in controversy does not exceed $75,000; plaintiffs have failed to waive and renounce recovery of any damages over $75,000; and plaintiffs have failed to agree that they will not accept nor enforce a judgment in which more than $75,000 is awarded. See Rios v. Office Depot, Inc., No. 17-8260, 2017 WL 3977159, at *3 (E.D. La. Sept. 11, 2017)(Morgan, J.).

The removing defendant has met its burden of proving that the Court has subject matter jurisdiction over the plaintiffs' claims,

---

[5] Quite obviously, if, as plaintiffs infer, the case is worth less than $75,000, they would accept some amount less in a possible settlement.

and the plaintiffs have not shown to a legal certainty that the amount in controversy does not exceed $75,000.  Accordingly, IT IS ORDERED: that the motion to remand is hereby DENIED.

                         New Orleans, Louisiana, December 20, 2017

                         _____
                              MARTIN L. C. FELDMAN
                         UNITED STATES DISTRICT JUDGE