41

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELBY LAUDERDALE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-04152** |
| **JOSE CABALLERO, ET AL.** | **SECTION: "F" (4)** |

## ORDER

Before the Court is Westfield Insurance Company's **Motion to Compel Discovery Responses (R. Doc. 26)**. The motion is unopposed. The motion was heard on the briefs.

## I.  Background

This case arises out of an alleged accident on May 2, 2016, between a 2005 Hyundai Sonata driven by Plaintiff Shelby Lauderdale with Plaintiffs Madonna Rogers, Katrice Drawsand, and Derrick Drawsand riding as passengers, and a 2016 Volvo Sleeper box truck driven by Jose Caballero. R. Doc. 24, pp. 1-2. Plaintiffs allege that Caballero tried to switch lanes and struck Lauderdale's car. The Plaintiffs each contend that they suffered numerous injuries and seek damages. *Id.* at pp. 2-4. The Plaintiffs allege that Jose Caballero was negligent and at the time of the accident was employed by Atlanta Meat Company and operating within the scope of his employment. *Id.* at p. 4. Finally, Plaintiffs allege that Westfield Insurance Company ("Westfield") issued a policy of liability insurance coverage on the truck involved in the accident which obligates Westfield to pay for the damages sustained by the Plaintiffs. R. Doc. 24-1, p. 4.

The instant motion was filed by Westfield seeking an order compelling the Plaintiffs to provide answers and responses to its Interrogatories and Requests for Production that were propounded on January 12, 2018. R. Doc. 26. The motion also seeks attorney's fees and expenses incurred with bringing the motion. *Id.* Westfield argues that it propounded discovery requests on January 12, 2018, and had received no responses as of February 15, 2018, when it set a discovery

1

conference for February 21. Westfield states that on February 21, 2018, it called Plaintiffs' counsel to conduct the discovery conference and was told Plaintiffs' counsel was unavailable, a message was left, but no response has been received as of the date of filing the motion. R. Doc. 26-1, p. 2. Westfield seeks an order from the Court compelling responses, without any objections other than those pertaining to applicable privileges and immunities, as well as costs and fees. *Id.* at p. 3.

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 33 allows a party to serve another party written interrogatories which, "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Rule 33 states that, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2).

Federal Rule of Civil Procedure 34 governs the discovery of documents, electronically stored information, and tangible things. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." Fed. R. Civ. P. 34(a)(1). Rule 34 states, "[t]he party whom the request is directed must respond in writing within 30 days after being served or—if the request was delivered under Rule 26(d)(2)—within 30 days after the parties first Rule 26(f) conference." Fed. R. Civ. P. 34(b)(2)(A).

Rules 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(B)(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to produce documents" and Rule 37(a)(3)(B)(iii) allows a party to move for an order compelling answers to interrogatories.

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

If a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court will not order payment if the opposing party's nondisclosure was "substantially justified" or circumstances make the award unjust. *Id.*

### III.  Analysis

Westfield states that it sent a letter to Plaintiffs' counsel scheduling a discovery conference for February 21, 2018 to discuss overdue responses. R. Doc. 26-1, p. 2. Westfield has also included the correspondence sent to the Plaintiffs' counsel. R. Doc. 26-5, p. 1. Also attached to the motion is a Rule 37 certificate in which Westfield indicates that it has attempted to meet and confer to

3

resolve the discovery dispute, however, Court intervention is required. R. Doc. 26-3. Based on the information provided, the Court finds that Westfield has satisfied the requirements of Rule 37(a)(1).

Local Rule 7.5 requires that any memorandum in opposition to a motion must be filed no later than eight (8) days before the submission date. The Plaintiffs have not filed a memorandum in opposition, nor have they requested an extension of time within which to oppose the motion.

The Court finds that based on Westfield's representations to the Court, as well as the exhibits attached to the motion, it propounded Interrogatories and Requests for Production on January 12, 2018. Rule 33 and 34 both require responses within 30 days and as a result the Plaintiffs were required to respond to these discovery requests by February 12, 2018. At the time of the filing of the instant motion on March 5, 2018, Westfield states it has not received responses to the discovery requests. The Court, therefore, grants the motion with respect to Westfield's Interrogatories and Requests for Production and Plaintiffs shall provide responses no later than ten (10) days from the signing of this order.

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989). This rule applies with equal force to both interrogatories under Federal Rule of Civil Procedure 33 and Requests for Production of Documents under Federal Rule of Civil Procedure 34. *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289 at *5 (E.D. La. July 6, 2011). Because the Plaintiffs have failed to timely respond, the Court finds that that any objections to the discovery requests are waived, apart from objections based on a privilege.

Rule 37 states that if a motion is granted the court must require the payment of the reasonable expenses incurred in filing the motion, including attorney's fees. Fed. R. Civ. P.

37(a)(5)(A). The Court also finds that the circumstances do not make an award of expenses unjust. As such, the Court grants the request for expenses and attorney's fees incurred in making the motion.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that Westfield Insurance Company's **Motion to Compel Discovery Responses (R. Doc. 26)** is **GRANTED AS UNOPPOSED**.

**IT IS FURTHER ORDERED** that the Plaintiffs shall respond to Westfield's Interrogatories and Requests for Production **no later than ten (10) days** from the signing of this order and that all objections, apart from those based on a privilege, are waived due to the failure to timely respond.

**IT IS FURTHER ORDERED** that Westfield shall file a motion to fix attorney's fees into the record by **April 25, 2018**, along with: (1) an affidavit attesting to their attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged on similar cases by other local attorneys with similar experience, skill, and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **May 2, 2018**. The motion shall be set for submission on **May 9, 2018**, to be heard <u>without oral argument</u>.

New Orleans, Louisiana, this 12<u>th</u> day of April 2018.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**