UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHELBY LAUDERDALE, ET AL.                              CIVIL ACTION

v.                                                     NO. 17-4152

JOSE CABALLERO, ET AL.                                 SECTION "F"

ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(4) and 12(b)(5) by Jose Caballero and Atlanta Meat Company. For the reasons that follow, the motion is GRANTED.

Background

This litigation arises out of an accident in which a Volvo sleeper box truck allegedly struck a Hyundai Sonata, injuring the Sonata's driver and three passengers.

On May 2, 2016, Shelby Lauderdale was driving his 2005 Hyundai Sonata westbound on Highway 90 in the center lane with Madonna Rogers, Katrice Drawsand, and Derrick Drawsand riding as passengers. Jose Caballero was driving a 2016 Volvo sleeper box truck westbound on I-10 in the lane adjacent to Lauderdale's Sonata. When Mr. Caballero tried to switch lanes, the truck he

1

was driving struck Lauderdale's car.  As a result of the collision, Lauderdale and each of his passengers alleges that they suffered injuries: Lauderdale alleges that he suffered cervical strains and aggravation of pre-existing herniated lumbar discs; Rogers alleges that she suffered cervical strains and a herniated lumbar disc; Katrice Drawsand alleges that she sustained a lumber strain and a cervical strain; and Derrick Drawsand alleges that he suffered cervical strains, lumbar strains, and shoulder strain.

Alleging that Mr. Caballero's negligence in operating the truck caused these injuries to Lauderdale and his passengers, Lauderdale, Rogers, and the Drawsands sued Caballero, along with his employer, Atlanta Meat Company, and Westfield Insurance Company in state court.  On April 28, 2017, Westfield Insurance Company removed the lawsuit to this Court, invoking the Court's diversity jurisdiction.  Shortly thereafter, Westfield answered the complaint.

Nearly five months after the lawsuit was filed, neither Jose Caballero nor Atlanta Meat Company had been served.  On August 31, 2017, the Court ordered that, by October 2, 2107, the plaintiffs must file the return of service that has been effected on the other defendants, Jose Caballero and Atlanta Meat Company; the Court admonished the plaintiffs that failure to do so would result in

2

the dismissal of the unserved defendants. The next day, Dallas Maughon, Inc., d/b/a Atlanta Meat Company, moved to dismiss the plaintiff's claims against him under Rule 12(b)(4) and (b)(5), arguing that the citation mailed to Atlanta Meat Company was defective in that it was directed to the wrong party; the motion was set for hearing on September 27, 2017. The plaintiffs never responded to the motion. On September 26, 2017, the Court granted Atlanta Meat Company's motion to dismiss for insufficient process. And on October 4, 2017, because the plaintiffs never filed into the record the return of service of process (for either Atlanta Meat Company or Jose Caballero), the Court dismissed without prejudice (for failure to prosecute) the plaintiffs' claims against Jose Caballero. The plaintiffs never challenged the orders dismissing Caballero or Atlanta Meat Company and never filed into the record any service returns.

On November 30, 2017, the plaintiffs moved to remand their lawsuit to state court. Westfield opposed the motion. On December 21, 2017, the Court denied the plaintiff's motion to remand.[1] After a scheduling conference held with counsel for plaintiffs and counsel for Westfield, the Court issued a scheduling order

---

[1] The Court noted in its Order and Reasons that the plaintiffs' claims against Caballero and Atlanta Meat Company had previously been dismissed.

selecting an August 27, 2018 trial date. When the plaintiffs filed an unopposed[2] motion to amend their complaint, the motion was granted,[3] and summons issued as to Atlanta Meat Company and Jose Caballero on February 15, 2018. But, to this date, no return of service of process has been filed into the record as to these re-added defendants. Jose Caballero and Atlanta Meat Company now move to dismiss the plaintiffs' amended complaint due to insufficient process and insufficient service of process.

I.

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." Murphy Bros., Inc. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Id. ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons....")(citation omitted); see also Aetna Bus. Credit v.

---

[2] According to counsel for defendants, the plaintiffs did not seek Westfield's consent for the motion to amend, but Westfield did not object to the plaintiffs' misrepresentation because the plaintiffs' claims against the other defendants had been dismissed without prejudice.
[3] The motion to amend the complaint was filed within the scheduling order's deadline for amending pleadings.

Universal Decor, 635 F.2d 434, 435 (5th Cir. 1981)("In the absence of valid service of process, proceedings against a party are void.").

Federal Rule of Civil Procedure 4(c) governs service of process and obliges the plaintiff to serve the summons and complaint:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Rule 4(m) provides the time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- **must** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

(emphasis added).

Rule 12(b)(4) of the Federal Rules of Civil Procedure allows a defendant to attack the form of the process, rather than the method by which it is served. By contrast, Federal Rule of Civil Procedure 12(b)(5) allows a party to advance a defense based on insufficient service of process. Fed. R. Civ. P. 12(b)(5); 5B Charles Alan Right & Arthur R. Miller, FEDERAL PRACTICE AND

5

PROCEDURE, § 1353 (3d ed. 2013)("Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."). Dismissal is appropriate under Rule 12(b)(5) if, for example, service of process is not accomplished in a timely manner or was not served in the appropriate manner.

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Systems Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)(citations omitted). District courts exercise "broad discretion in determining whether to dismiss an action for ineffective service of process." George v. U.S. Dep't of Labor, 788 F.2d 1115, 1116 (5th Cir. 1986). When a defendant challenges whether the plaintiff has complied with the time limit for service of process, the Court must first determine if the plaintiff can show good cause; if so, then the Court must extend the 90 day period for service. See Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). If good cause is not shown, the Court may decide to dismiss the case without prejudice or extend the deadline for service. Id. To show good cause within the meaning of Rule 4(m), "some showing of good faith and a reasonable basis for noncompliance within the time specified is necessary." See McDonald v. United States, 898 F.2d 466, 467 (5th Cir. 1990).

Notably, "[a]ctions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending the...period for service." Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990)(citing McDonald, 898 F.2d 466). If the plaintiff fails to show good cause for its failure to effect timely service, dismissal is warranted. See McDonald, 898 F.2d at 468; Pugh v. Bank of Am., No. 16-14766, 2017 WL 1427015, at *3 (E.D. La. Apr. 21, 2017)(Milazzo, J.); Hunter v. Goodwill Indus., No. 05-2698, 2006 WL 1968860, at *2 (E.D. La. July 13, 2006)(Vance, J.).

## II.

Jose Caballero and Atlanta Meat Company move to dismiss the plaintiffs' amended complaint on the ground that the plaintiffs have not even attempted service on them, notwithstanding that more than 90 days have passed since the plaintiffs amended their complaint and summons issued. The defendants contend that the plaintiffs cannot show good faith or offer a reasonable basis for failing to timely serve them, given that: (a) more than eight months passed since the Court directed the plaintiffs to serve the defendants or face dismissal; (b) more than 90 days have passed since plaintiffs filed their amended complaint; (c) at no time did plaintiffs attempt to effect service; (d) plaintiffs have not requested service information on Caballero or Atlanta Meat Company

from Westfield, nor have they requested a waiver of service from their counsel, nor have they requested an extension of time to effect service. In an untimely response to the defendants' motion, plaintiffs' counsel counters that service of the original complaint was effected on Caballero and Atlanta Meat Market back in September 2017, but that due to an error by counsel's secretary, the return of service was filed in state court instead of this Court. The defendants reply that the plaintiffs' untimely excuses do not warrant an extension of time to serve the defendants. The Court agrees.

The plaintiffs fail to show good cause for their failure to serve the amended complaint on Caballero and Atlanta Meat Company. Indeed, plaintiffs' counsel admits that the failure to serve these defendants was due to mistake and neglect.[4] The plaintiffs offer what they purport to be proof of service of the original petition for damages (which has since been dismissed as to the moving defendants and amended by the plaintiffs' own motion) and suggest that plaintiffs' defective affidavits of service in state court (of the original petition more than eight months ago) constitute good cause for their failure to prove service in the last eight

---

[4] It is regrettable that plaintiffs' counsel fastens blame on his secretary and, on some level, this Court for lapses attributable entirely to him.

months since their "mistake" was made. Even if the plaintiffs submitted proof of service of the original petition (which they have not), the Court finds counsel's conduct (in failing to even attempt to serve the defendants with the amended complaint) and assumptions (that it is not necessary to effect service of an amended complaint that names defendants previously dismissed) at best unreasonable and at worst ignorant. When the original petition was pending, the plaintiffs were ordered to file proof of service into this Court's record and never did so. Even if plaintiffs' counsel is to be believed that he thought his secretary did so, in no less than three separate orders, plaintiffs' counsel was notified that the plaintiffs' claims against Caballero and Atlanta Meat Company had been dismissed. And plaintiffs' counsel certainly should have known that Caballero and Atlanta Meat Company were not parties to the lawsuit when they did not participate in the scheduling conference that was held, when the scheduling order was issued, when neither Caballero nor Atlanta Meat Company were participating in this litigation, and when plaintiffs' counsel himself filed a motion to amend the complaint to re-add them as defendants. When that motion to amend was granted and summons issued, plaintiffs' counsel inexplicably failed even to attempt to serve Caballero and Atlanta Meat Company.

The plaintiffs bear the burden of establishing valid service on the defendants; they have failed to do so. They have likewise failed to show good cause excusing this failure. At best, plaintiffs' counsel's conduct falls into the category of mistake or ignorance, which falls short of excusable neglect. See <u>Traina v. United States</u>, 911 F.2d at 1157 (citing <u>McDonald</u>, 898 F.2d 466). Plaintiffs' counsel limply offers: "Clearly, [counsel] was mistaken in his belief that the amended complaint was for house keeping purposes and that prior service constituted actual service." This explanation betrays counsel's ignorance of procedure and, more concerning, due process. See <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987)(the Court lacks personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4.). Plaintiffs' counsel's ignorance and neglect of his service responsibilities in this case are not excusable. Nor is the Court persuaded to grant an additional 30 days to serve the summons and complaint on Caballero and Atlanta Meat Company.[5] The plaintiffs have had ample time and opportunity to make these defendants parties to this lawsuit. Yet, with one month remaining before the expiration of the discovery deadline

---

[5] A request embedded as an afterthought in the plaintiffs' untimely opposition papers.

and only two months until the scheduled trial date, the plaintiffs suggest that no party will be prejudiced by late service and that no deadlines will need to be extended if these two defendants are finally added to the lawsuit.[6] An unrealistic suggestion. Plaintiffs' counsel's sustained neglect of this case is not grounds for extending the time for serving Caballero and Atlanta Meat Company.[7]

Accordingly, for the foregoing reasons, IT IS ORDERED: that the motion to dismiss by Caballero and Atlanta Meat Company is hereby GRANTED. The plaintiffs' claims in the amended complaint against these Caballero and Atlanta Meat Company are hereby dismissed without prejudice.

New Orleans, Louisiana, June 13, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[6] Adding to the baffling explanations for neglect of this case, plaintiffs' counsel offers that no party will be prejudiced by the late additions of Caballero and Atlanta Meat Company because no depositions have taken place. The Court can only note in response to this revelation that the deadline for discovery will lapse in a month.

[7] If the Court indulged a request for additional time to serve these defendants on the ground that no discovery has happened in this case anyway, it would only enable neglect and unprofessional conduct.